[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The above-entitled action is before this Court on remand from the Supreme Court for a determination of the fair value of plaintiff Gilbert Charland's (Charland) shareholder interest in defendant Country View Golf Club, Inc. (Country View). This Court has been directed to ascertain the fair value of Charland's shareholder interest without applying either a minority status discount or a discount for lack of marketability.
In a previous written decision, this Court recognized the apparent difficulty in assessing the fair value of Charland's shares since Country View was relatively unique. Notwithstanding these valuation difficulties, this Court determined that the most equitable valuation method would be to restate Country View's actual 1988 $2,000,000 sales price into its equivalent dollar value as of September 30, 1984. After a review of the entire record, this Court remains convinced that this valuation method, which is essentially a present value calculation, is the most equitable method for valuing Charland's shareholder interest.
Subsequent to the Supreme Court's remand, both parties filed supplemental memoranda addressing the valuation issue. Country View relies primarily on a November 12, 1991 valuation report prepared by Sansiveri, Ryan, Sullivan Co. This report indicates that the total September 30, 1984 value of Country View was $675,000, resulting in a $101,250 fair value for Charland's 15% interest. Charland, on the other hand, challenges the accuracy of Country View's valuation report and relies on the present value approach utilized by Peter Marks, Ph.D.
A detailed review of Country View's valuation report reveals an analytical approach inconsistent with that which this Court has previously determined to be most equitable. Rather than utilizing the present value method adopted by this Court in its previous decision, Country View arrived at its fair value determination by making various adjustments to the November 13, 1981 appraised value of $538,000. Even if this Court were now inclined to decide that present value analysis is no longer the appropriate valuation method, it is not otherwise satisfied that the Country View report accurately reflects the September 30, 1984 value.
The report begins with the 1981 real estate appraisal value and adjusts it according to the rate of inflation for dollars over three separate years. This Court is not convinced that application of a monetary inflation factor properly represents the actual or approximate appreciation of the realty over the same period. Furthermore, the report reduces by $60,000 the gross value of equipment in 1981 using a straight line depreciation method over five years, resulting in a $20,000 reduction in the value of equipment each year. While straight line depreciation is appropriate for determining the equipment's value for taxation purposes, it is irrelevant to the actual value of the property on any given date. Country View's use of a depreciated value for equipment further undermines the accuracy of its reported valuation.
Charland relies on the affidavit testimony of Peter Marks, Ph.D., to support his contention that the fair valuation of Country View as of September 30, 1984 is $1,500,230. Pursuant to Marks' valuation, Charland's 15% interest in Country View is $225,394. Country View's only argument, however, is that Marks is not a qualified expert for valuation purposes.
A review of Marks' testimony before this Court clearly indicates that while he does not qualify as an expert for purposes of either real estate appraisal or corporate share valuation, he is nevertheless qualified as an expert in the field of economics. Since this Court has already determined that the present value method is the proper method for determining Charland's shareholder interest, the only issue that remains undecided is the appropriate present value discount rate.[1]
Although Marks may be qualified to examine the relevant economic factors necessary for determining an appropriate present value discount rate, this Court is not satisfied that his calculations accurately reflect Country View's value as of September 30, 1984.
Marks utilized a present value discount rate of 10% to arrive at a $225,394 value for Charland's interest. This value is approximately $86,300 higher than the value previously determined by this Court when it erroneously applied a minority status/lack of marketability discount. This Court is not otherwise convinced that the $86,300 valuation disparity is entirely attributable to the required absence of the minority status/lack of marketability discount from the present value calculation. Moreover, despite the inherent difficulties in assessing the value of this unique property, this Court is of the opinion that Mark's $225,394 valuation exceeds the bounds of reasonable imprecision.
Based on a thorough review of the entire record, including the parties' subsequent memoranda, this Court finds that a present value discount rate of 18% equitably and most accurately adjusts the 1988 $2,000,000 selling price to its September 30, 1984 value. Utilizing an 18% discount rate, the total value of Country View as of September 30, 1984 is $1,217,260. Accordingly, this Court finds that Gilbert Charland's 15% interest in Country View Golf Club, Inc. is $182,589.
Counsel shall prepare an appropriate judgment for entry.
[1] The present value discount rate reflects the appropriate economic percentage necessary to calculate the value of money at a date earlier in time, and does not include or refer to any minority status discount or discount for lack of marketability.